RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/14/10

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| INTERMOOR, INC. | CIVIL ACTION NO.: 10-211 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| TERRENCE J. BURRELL | MAGISTRATE PATRICK HANNA |

## RULING

Before the Court is the original Motion (Doc. #14) and Amended Motion to Strike Jury Demand and Trial Under Rule 9(h) (Doc. #23) filed by Terrence Burrell. Upon thorough review of the record and being fully advised of the premises, the Court rules as follows:

## BACKGROUND

Burrell was employed by Intermoor, Inc. (Intermoor) as an anchor handler on the *M/V Seacor Vantage*, which was owned by Seacor Marine, L.L.C. (Seacor). Burrell allegedly was injured while working on the vessel. Intermoor filed this action for declaratory judgment on the issue of maintenance and cure naming Burrell as defendant. Intermoor's complaint specifically alleges that it "arises within the admiralty jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 688 *et seq.*, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." (Doc. #1 ¶ IV.) Burrell, in turn, filed a Third Party claim against Seacor also alleging that its claim "arises under 28 USC § 1333, the Admiralty and Maritime jurisdiction of the Court, and is designated as such pursuant to Rule 9(h) of the Federal Rules of Civil Procedure." (Doc. #3 ¶ II at 2.) At no point in either Intermoor's or Burrell's claims was diversity jurisdiction asserted.

In its Answer, Seacor asserts diversity jurisdiction pursuant to 33 USC § 1332 and prays for a jury trial as a result. (Doc. #8 ¶ "Twelfth Defense".) Burrell subsequently filed the present motions to strike Seacor's jury demand, asserting that Seacor does not have a 7th Amendment right to a jury since this action is an Admiralty claim, and properly designated as arising under 28 USC § 1333 and Fed. Rules of Civ. Proc. 9(h).

## LAW AND REASONING

Seacor relies on the fact that diversity between it and Burrell exists; therefore, it contends it has a right to a jury trial for Burrell's third party claim. While Burrell and Seacor may, in fact, be diverse from one another,

> it is well settled that the plaintiff is the master of his complaint and [Burrell] has the *exclusive* power to invoke diversity jurisdiction. By failing to do so, the possible factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction. Thus, [Seacor] has no constitutionally or statutorily based right to a jury trial, and [Seacor] cannot use the Federal Rules to create such a right where one does not exist.

*Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Circ. 2005).

As previously mentioned, Burrell as the "master of his complaint" designated his claims against Seacor as arising under this Courts admiralty jurisdiction and Rule 9(h); he did not assert diversity jurisdiction. Thus, for the foregoing reasons:

ITS IS ORDERED that Burrell's Motion to Strike Jury Demand and Trial Under Rule 9(h) (Doc. #14) and its Amended Motion to Strike Jury Demand and Trial Under Rule 9(h) (Doc. #23) are hereby GRANTED.

THUS DONE AND SIGNED, Lafayette, Louisiana, this ___14th___ day, September, 2010.

_____
HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA